Case number 19-2405, M. Willman v. United States Attorney General. Arguments not to exceed 15 minutes per side. Mr. Willman, you may proceed for the appellant. All right. Daniel C. Willman for appellant. I'd like to reserve five minutes for rebuttal. Very well. And as you said, Judge, there's no way I could indicate in these brief minutes my whole brief, so I do rely on my whole brief. Judge, in this case, to the panel, my client was removed from the state of Michigan registry in federal court via a federal order, went through the process, did everything completely proper, filed the law. We get to a point where the attorney general decides to say in passing that, there's a case out of the Sixth Circuit called Paul, which says that a registrant has an independent duty to register with the federal government. Now, the way the registry works under SORNA is that states compile their own registrations. It's a local activity, and if somebody is on a state registry, then and only then is that information forwarded to the national database for inclusion. So if somebody in California wants to look up somebody in Michigan, they can do that. But if Michigan, California, any state takes somebody off the registry, they do not appear in the federal registrar. Now, Paul is an unpublished case, and there is direct Supreme Court precedent on point. Thibodeau, Carr, Nichols, and Reynolds all mention that state offenders are treated differently than federal offenders. The cases that were brought up in appellant's brief, they're talking about people that were active registrants, people who were active and left the country, or they were under some kind of federal control, or their states were lagging in implementation of SORNA, and these were all people that were in early requirements. My client, he was on the list for 26 years. Mr. Willman, can I ask you a question? Because I looked, and in looking at whether SORNA's requirements, registration obligations exist independent of state law, I couldn't find, in spite of all those Supreme Court cases you mentioned, I can't find a single circuit that has gone your way. Every circuit that's looked at this has been consistent with what we said in Paul, which is that you have an independent obligation under federal law to register, and in fact, the language of 20,913 says you shall register, and that, the Supreme Court has said, creates a mandatory obligation. So why isn't that sufficient, and do you have any circuit that has gone your way on this? No, I only have Supreme Court precedent. And you agree there's many of those circuits happened after those Supreme Court cases that you're referencing? I understand what you're saying, Your Honor, but that doesn't negate, to me, that's almost saying an unpublished opinion can defeat a Sixth Circuit en blanc opinion. It's just, it's the Supreme Court, and when I look at... Do any of those cases involve interpretation of 20,913A and the mandatory requirements? No, but as I pointed out in my brief multiple times, the DOJ, even their smart office opinion, they say registration is a local activity. Each and every one of these states' jurisdictions determine who is under registry. Now, when we go back to what you're talking about, Judge, you have the statute on 2911, and even 2913, what you're saying is, you have to be required, required by your jurisdiction. That language is in 2013, you have to be required. If your jurisdiction does not require you to register with them, then you're not on there, and the word required is the trigger here. Are you required to register in your jurisdiction? If you are not, then your information is not automatically forwarded to national database per 921 and 922. So, if your information is not on your state registry, it's not forwarded. The federal database, which is controlled by the Attorney General under 922, it's only a compilation. It's a search engine. It's like Google. It's not where your information is stored. Your information is stored with your state. And if your state doesn't store your information, it doesn't come on to the federal database. The federal government, you know, they delegated this to the states. That's what it says in CAR. In CAR, it says, it is notable that the federal sex offender registration laws here from their relied on state-level enforcement. When we go to Kibidoo, it says that the federal government has only prosecuted a state offender under federal law for also violating state law. And they made this distinction. And this distinction was, well, I take that back. That was from Reynolds at 441. In Kibidoo, they talk about how there's a difference between the state the government has made a differentiation between a federal and a state registrant. And in that case, that's the case where we had a guy living in Texas convicted under federal law. He was in the Marines. He moved from San Antonio to another part of Texas or something like that that, hey, there's a difference between a federal and a state offender. And that's even when we jump into Kibidoo and we're talking about if we want to go into Justice Thomas's dissent and what Chief Justice Roberts said, if we were to apply that, you know, we're reaching. We're reaching to really say that the federal government has control over this registration. What they did is they set it up, they funded it, and it is controlled by the states. If you are to appear at the state registry, right now, my client has no duty. If he does not travel interstate, he's not violating any law hypothetically at all. And my thing is if he was taken off a registry in federal court via a federal order, I mean, we have to respect the process. And if he's taken off the federal court, we're talking like maybe five, six, seven people in the whole state of Michigan that this has happened for. He is off the registry forever. And he did his time. And I would expect that, you know, to make somebody go through the whole process of going through, getting off the registry, going through the court for a couple of years, and then saying, hey, you know what, you have to re-register because there's some kind of federal requirement. When the federal government was a party to this lawsuit, you know, to me, that would be insanely cruel. I just can't imagine. It would be cruel and unusual punishment and excessive fine. Like I said, he did his time. He did his time, filed a process. The law should apply equally to everybody. And, you know, we're bending the rules here. We're bending the rules here. We're creating something new. It doesn't say anywhere in SORNA. That's actually my main argument is there's nowhere within the plain language, nowhere within this statute anywhere does it say there's a federal duty to register. Nowhere. What it says is you are required to register. It defines 2011 defines a jurisdiction. That's where you register with. You register with your jurisdiction. The DOJ smart office in 2018, which is cited in my brief, they said, hey, everyone, we don't, we just compile this information. We don't control the registry, every jurisdiction. So here I have the DOJ. I'd like to know what their answer is to that. Why are they allowed to say, hey, every jurisdiction controls their own registry? But, you know, when it comes to this particular case, hey, you can't get up. And yet that really is counsel. Okay. Counsel, the fact that the state of Michigan controls the registry, it seems like it's a different issue than a duty of your client to attempt to register as required by federal law. So the fact that it's under control of the state doesn't seem to abolish his duty to attempt to register. What's the right there. There's no mechanism for one. There is no mechanism to register with the federal government unless you are charged under a federal statute. If you are, then your duty is to report. He has to register under the state registry pursuant to his federal obligation. I mean, that's the way the statute set up. Is it not? No, I disagree, your honor. You have a duty to register if you're state. And as was pointed out in a Kibidoo, you know, somebody is only charged under if they violate state law federally. So unless you violate federal law, you are only charged, you know, you won't be charged federally. There's zero, there's zero duty to it. Okay. State obligation. Registration is a local activity. The DOJ even said that. The smart office. All right. Judge, the party have any further questions at this point? No, thank you. Thank you. All right. Let's hear from the government. Good afternoon. Good afternoon. May it please the court. Ashley Chung for the United States. The district court correctly granted the government's motion to dismiss and denied plaintiffs request for a broad declaration that he is not required to register under SORNA now or at any point in the future, no matter where he is. The plain text of SORNA makes clear that SORNA applies to plaintiff because he is a sex offender. In section 29.11.1, SORNA defines sex offender as an individual who has been convicted of a sex offense and the statute makes no reference to any state law registration requirements. SORNA then provides. How do you affect registration in Michigan? Don't you go as your friend on the other side saying to a state registry? That's correct, your honor. Registration is done through the state authorities and there is no and there's no way for the federal government. Let's say he decides not to register. There's no way for the federal government to impose sanction unless he travels interstate, right? That's correct, your honor. So what gives the power to the federal government? What power does the federal government have to require this? So I have two responses to that, your honor. The first is that this issue was not raised by plaintiff. He doesn't make any sort of Commerce Clause challenge. And although this was raised by the amici, this court held in in Ray Isaacs that if the amici raise issues that were not raised by the parties, this court may not consider them. But that's a very, that's a very good argument. So what's your second argument? Because I'd like to hear the second, but I agree is probably forfeited. Sure. So my second argument is that many courts have considered this issue and they've all concluded that under the Necessary and Proper Clause, Congress can use its commerce power to create a federal duty for sex offenders to register, even if they remain in state. So the Second Circuit in Guzman, the Third Circuit in Pendleton, the Fourth Circuit in Gold, the Fifth Circuit in Whaley, the Seventh Circuit in Vasquez, and several other circuits have all considered this issue. Okay, turning. No, go ahead. I'm sorry. Okay. As turning back to the plaintext of SORNA, in Section 2913A, SORNA provides that a sex offender shall register. And again, Can I ask one other question about that? I'm sorry, and then I'll be quiet. But my other question is, what happens if a state, let's say State X has no registry? How is a person supposed to register then? If State X has no registry, then even though SORNA requires a sex offender to register, there's nothing more he needs to do. So we're not saying that a sex offender is legally required to do the impossible. So if there's no registry, that's fine. And SORNA's enforcement provision makes clear that he won't be held liable under SORNA if he couldn't register. So I guess your friend's beef with this is he isn't required to register under Michigan law, everyone admits. So in effect, you're having him do what he's not, state law doesn't require him to do. So it feels like, okay, I get rid of this. But now I have this independent obligation, even though the state isn't requiring me to register. So that's correct, Your Honor, the federal law under SORNA does provide an independent duty to register. This court considered this issue in Paul, and this court concluded that SORNA requires sex offenders to register, irrespective of what they may be obligated to do under state law. And this is consistent with every circuit to have considered the issue. Well, SORNA also provides that it's an affirmative defense that uncontrollable circumstances prevented the individual from complying. So it almost anticipates that there could be instances where the state registry won't allow him to register. And that's a defense, I guess, from the federal prosecution. Is that correct? That's correct, Your Honor. So SORNA's enforcement provision, section 2250, does provide that it is an affirmative defense if a sex offender can't register for circumstances outside of the state law. They have to attempt to register, and if somehow they're rejected by the state, then that's an affirmative defense. So actually, just to clarify, Your Honor, just to clarify that last point, we're not saying that plaintiff has an affirmative duty to go try to register every couple of months and just get turned away. Once it's clear that Michigan, if Michigan or any other state won't accept his registration so he can't register, that's enough. And we're not saying he's required to do any more. All right. Very good. Do you have anything further? Unless there are any further questions, I would ask this court to affirm. Further questions, Judge Spahr? I have none. Thank you. All right. Rebuttal. Mr. Wilman, if you have five minutes, rebuttal. Okay, Your Honor. Maybe we found some So if he's not an active registrant, he does not have a duty to register. If he was active, I would agree with that, that he has a duty to register. But we're talking about a former registrant, somebody that's taken off the list in federal court. We're talking about a handful of people. And if you go through the process, going for your highest state court, you go for federal court, and you're taken off the list, we're talking like five or six people, probably a state. And that's the difference. And I agree with that. The state of Michigan said you do not have to register anymore. But there's no, counsel, there's no exception in SORNA, right? So there's not, what it says is if he was a sex offender and his conviction hasn't been expunged, and since he still qualifies as a sex offender, he shall register. I disagree, Your Honor. What we're talking about here is that's a definition of what a sex offender is. It's just like an ex-felon. You're a felon, you're an ex-convict, you're an ex-convict for life. It does not change that status. But does it change your duty to register? And under 2250, you have to be required to register, which just goes into 213 or 913, which just defines what a jurisdiction is, and the duty to register. And you cannot be guilty of anything unless you're required to register first, and then you got to travel under federal law. So you cannot be prosecuted under federal law. Well, they concede that unless you travel across interstate lines. Correct. But they can still require you to register, there's just the government can't do anything to you unless you cross state lines. I just disagree. You have to be required to register with a jurisdiction. The two go hand in hand. 911 is not a standalone provision. The whole statute stands together. And, you know, I don't know how much time I have here, but Paul's an unpublished case. And I believe it flies directly in the face of the Supreme Court cases that I noted, that federal and state offenders are treated differently. If we disagree with you that it not a registrant who was removed from a registry in federal court doesn't have to register. If we can agree on that, then that's the end of it. We're talking about not releasing 10,000, 20,000 people. We're talking about releasing a couple of handfuls. In Michigan, it's approximately six or seven people have gotten off the registry. Could be a dozen, but I mean, it's de minimis. There's a distinction there. If we agree with you, we would not only be not following Paul, which is, it's not precedentially binding, but we would be creating a conflict with the first, third, fourth, and eighth circuit, would we not? I believe you'd be creating, I believe those circuits stand in conflict of Supreme Court cases in Carr, Nichols, Reynolds, and Kipito. So we would be creating a circuit split with those four circuits? If you agree with the Supreme Court, yes, you'd be signing a Supreme Court, in my opinion, your honor. All right, anything further? Your honor, the only thing I'd like to say is that in my case, I've raised some issues. There's not a definitive case in the of the other issues and res judicata. This is something that I actually brought up that they were a party to the litigation when this was being discussed and they didn't bring it up. There's no definitive cases on this. And even if the court does not agree with me, I would hope that you would do an in-depth review and opinion on those particular issues because it's essential in the circuit for other cases. But my thing is my client is not an active registrant, he's former. And I think there's a niche there that we can make this, okay, there's an exception for somebody who went to federal court and got removed. If you do that, you're good. If you don't, then yes, of course, there's a duty. But a former registrant, no, he was removed in federal court that should be respected. Thank you. Thank you very much. Thank you for your time and also by participating by the video argument. The case will be submitted. You may call the next case. Thank you, your honors. Thank you.